IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TIARA BLISS INC., <br><br> Plaintiff, <br><br> v. <br><br> THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A TO THE COMPLAINT, <br><br> Defendants. | Case No.: 1:23-cv-01954 <br><br> Honorable Harry D. Leinenweber |

**TEMPORARY RESTRAINING ORDER**

Plaintiff Tiara Bliss Inc. ("Tiara Bliss") filed a Motion for Entry of a Temporary Restraining Order and Preliminary Injunction (Dkt. No. 8, the "Motion") against the fully interactive, e-commerce stores operating under the seller aliases identified in Schedule A to the Complaint (collectively, "Defendants")[1] and using at least the online marketplace accounts and product URLs identified in Schedule A (the "Online Marketplaces"). After reviewing the Motion and the accompanying record, this Court GRANTS Tiara Bliss's Motion as follows.

This Court finds, in the absence of adversarial presentation, that it has personal jurisdiction over Defendants at least because Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, Tiara Bliss has provided a basis to

---

[1] The Seller ID's, accused product URLs, e-commerce store/Merchant URLs, ASINs, and/or Product IDs, are listed on Schedule A to the Complaint.

conclude that Defendants have targeted sales to United States, including Illinois, residents by setting up and operating e-commerce stores that target United States consumers using one or more seller aliases, offer shipping to the United States, including Illinois, and have manufactured, imported, offered for sale, or sold products that infringe Tiara Bliss's United States patent rights in U.S. Patent No. 9,398,780 ("the '780 Patent") to residents of the United States, including Illinois.

As stated on the record in open court, Tiara Bliss has shown a likelihood of success on the merits of its claim, that irreparable harm will result if an injunction is not granted, the balance of hardship weighs in Tiara Bliss's favor, and that the public interest is best served by granting injunctive relief.

Accordingly, this Court orders that:

1. Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be temporarily enjoined and restrained from:

    a. making, using, importing, offering for sale, or selling the accused shower caps described in the Complaint, including but not limited to those shown in Exhibit B to the Complaint (Sealed Docket No. 1-3) and those available at or under the accused product URLs, ASINs, and/or Product IDs listed in Schedule A to the Complaint, and/or colorable imitations thereof, including any products which embody any of the Claims of the '780 Patent, in any manner;

    b. committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control, or supervision of Tiara

      Bliss, or are sponsored by, approved by, or otherwise connected with Tiara Bliss; and

    c. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Tiara Bliss, nor authorized by Tiara Bliss to be sold or offered for sale, and which embody any of the Claims of the '780 Patent.

2. Defendants shall not transfer or dispose of any money or other of Defendants' assets in any of Defendants' financial accounts including any financial assets held by any online marketplace platform (such as, for example, Amazon.com, eBay.com, Etsy.com, Alibaba.com, and/or Walmart.com).

3. Tiara Bliss is authorized to issue expedited written discovery to Defendants, pursuant to Federal Rules of Civil Procedure 33, 34, and 36, related to:

    a. the identities and locations of Defendants, their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including all known contact information and all associated e-mail addresses;

    b. the nature of Defendants' operations and all associated sales, methods of payment for services, and financial information, including, without limitation, identifying information associated with the Online Marketplaces and Defendants' financial accounts, including Defendants' sales and listing history related to their respective Online Marketplaces; and

    c. any financial accounts owned or controlled by Defendants, including their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, PayPal, Inc. ("PayPal"), Alipay, ContextLogic Inc. d/b/a Wish.com ("Wish.com"), Alibaba Group Holding Ltd. ("Alibaba"), Ant Financial Services Group ("Ant Financial"), Amazon Pay, or other merchant account providers, payment providers, third party processors, and credit card associations (*e.g.*, MasterCard and VISA).

4. Upon Tiara Bliss's request, any third party with actual notice of this Order who is providing services for any of the Defendants, or in connection with any of Defendants' Online Marketplaces, including, without limitation, any online marketplace platforms such as eBay, Inc., AliExpress, Alibaba, Amazon.com, Inc., Wish.com, Etsy.com, Walmart.com and Dhgate (collectively, the "Third Party Providers"), shall, within seven (7) calendar days after receipt of such notice, provide to Tiara Bliss expedited discovery, limited to copies of documents and records in such person's or entity's possession or control sufficient to determine:

    a. the identities and locations of Defendants, their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including all known contact information and all associated e-mail addresses;

    b. the nature of Defendants' operations and all associated sales, methods of payment for services, and financial information, including, without limitation,

      identifying information associated with the Online Marketplaces and Defendants' financial accounts, including Defendants' sales and listing history related to their respective Online Marketplaces; and

   c. any financial accounts owned or controlled by Defendants, including their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, PayPal, Alipay, Wish.com, Alibaba, Ant Financial, Amazon Pay, or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

5. Upon Tiara Bliss's request, those with notice of this Order, including but not limited to the Third Party Providers as defined in Paragraph 4, shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any of Defendants shower caps accused of infringing upon the '780 Patent as described in the Complaint, including but not limited to those shown in Exhibit B to the Complaint (Sealed Docket No. 1-3) and those available at or under the accused product URLs, ASINs, and/or Product IDs listed in Schedule A to the Complaint, and/or colorable imitations thereof.

6. Any Third Party Providers, including but not limited to PayPal, Alipay, Alibaba, Ant Financial, Wish.com, Amazon Pay, other merchant account providers, payment providers, third party processors, and credit card associations (*e.g.*, MasterCard and VISA) shall, within seven (7) calendar days of receipt of this Order:

      a. locate all accounts and funds connected to Defendants' seller aliases, including, but not limited to, any financial accounts connected to the information listed in Schedule A hereto, and any e-mail addresses provided for Defendants by third parties; and

      b. restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendants' assets until further order by this Court.

7. Tiara Bliss may provide notice of the proceedings in this case to Defendants, including notice of the preliminary injunction hearing, service of process pursuant to Fed. R. Civ. P. 4(f)(3), and any future motions, by either electronically publishing a link to the Complaint, this Order, and other relevant documents on a website and by sending an e-mail with a link to said website to any e-mail addresses provided for Defendants by third parties or otherwise obtained or by electronic message to their online merchant accounts, or by sending an electronic copy of said Complaint, this Order, and other relevant documents directly to Defendants by e-mail or electronic message. The Clerk of the Court is directed to issue a single original summons in the name of "THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A TO THE COMPLAINT" that shall apply to all Defendants. The combination of providing notice via electronic publication and e-mail or electronic message (or by e-mail or electronic message alone), along with any notice that Defendants receive from payment processors, shall constitute notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

8. Tiara Bliss must provide notice to Defendants of any motion for preliminary injunction as required by Rule 65(a)(1).

9. Exhibits B and C to Tiara Bliss's Complaint (Dkt. Nos 1-3 and 1-4) and Schedule A to the Complaint (Dkt. No. 1-1) shall remain sealed until further order by this Court.

10. Tiara Bliss shall be required to deposit a $10,000 surety bond, as security, which amount has, in the absence of adversarial testing, been deemed adequate for the payment of such damages as any person may be entitled to recover as a result of a wrongful restraint hereunder.

11. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order as permitted by and in compliance with the Federal Rules of Civil Procedure and the Northern District of Illinois Local Rules. Any third party impacted by this Order may move for appropriate relief.

12. This Temporary Restraining Order without notice is entered at 9:15 A.M. on this 6th day of April 2023 and shall remain in effect for fourteen (14) calendar days. Any motion to extend this Order must be filed by April 13, 2023.

_____
Honorable Harry D. Leinenweber
United States District Judge