# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TIARA BLISS INC., <br><br> Plaintiff, <br><br> v. <br><br> THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A TO THE COMPLAINT, <br><br> Defendants. | Case No.: 1:23-cv-01954 <br><br> Judge: Hon. Harry Leinenweber |

**DECLARATION OF NICHOLAS S. LEE IN SUPPORT OF
*EX PARTE* MOTION TO EXTEND TEMPORARY RESTRAINING ORDER**

I, Nicholas S. Lee, hereby declare as follows:

1. I am over eighteen (18) years of age. I am fully competent to testify to the matters stated herein. I have personal knowledge of every statement made in this Declaration and such statements are true and correct.

2. I am a Partner at Bishop Diehl & Lee and one of the attorneys representing Plaintiff Tiara Bliss inc. in this action. I make this declaration in support of Plaintiff's *Ex Parte* Motion to Extent the Temporary Restraining Order entered in this case.

3. The Temporary Restraining Order was entered in this case on April 6, 2023 with an initial term of fourteen (14) days. On April 13, 2023, Plaintiff filed an initial motion to extend the TRO by fourteen (14) days, which was granted. Consequently, the Temporary Restraining Order will expire on May 4, 2023 unless it is extended.

4. On April 10, 2023, I caused letters to be sent to Amazon.com, Inc. ("Amazon"), Alibaba Group ("Alibaba"), eBay Inc. ("eBay"), Etsy, Inc. ("Etsy"), and Walmart Inc. ("Walmart") to provide notice of the Temporary Restraining Order, ask that they comply with the terms of the Order, and provide the information called for in the Order.

5. My April 10, 2023 letters included a copy of the Temporary Restraining Order and instructions for how the recipients could respond. Where possible, email copies were also sent to the best ascertainable email addresses for each recipient.

6. Based on tracking information received from the shipping company, my April 10, 2023 letters and the attached documents were delivered to the respective recipients on April 11, 2023.

7. As of April 27, 2023, I have received substantive responses from Walmart, Etsy, eBay, and Amazon.

8. As of April 27, 2023, I have received initial responses from Alibaba indicating that they are processing the Order, but am still awaiting a substantive response with the required document production and confirmation that the Defendants' accounts have been suspended and their assets frozen. The Alibaba Defendants comprise approximately 28% of the Defendants in this Action.

9. In its initial responses, Alibaba demanded additional information from Plaintiff before it would process the Order. Plaintiff has provided Alibaba with all information that Alibaba asserts is required to process the Order, including the payment of a processing fee.

10. On April 25, 2023, after my office followed up with Alibaba, they responded: "Please be rest assured that we are working to process the TROs received. As you have known, we also have multiple internal review and processing procedures in place to ensure accuracy and

legitimacy of the action taken, the frozen process is more than merely just a click. We will revert with the requested information once the process it [*sic*] completed."

11. Accordingly, as of today, Plaintiff does not possess the information necessary to ensure freezing of all of Defendant's third-party financial accounts. In my experience, serving any of the Defendants before Plaintiff can ensure that the assets are frozen, would risk Defendants being able to secret or transfer their funds beyond the reach of this Court before the assets are frozen. Additionally, Plaintiff has not received contact information for the Defendants from Alibaba.

12. Thus, to prevent the Defendants from escaping the effects of the Court's Order, it is necessary to wait for further information from the contacted third parties, particularly Alibaba, to ensure that any assets in their control have been frozen before serving any of the Defendants in this case. Likewise, extending the Order will ensure that those financial accounts remain frozen until the Court can hold a hearing on the preliminary injunction, which Plaintiff plans to move for as soon as it is certain that assets have been frozen, and it is possible to provide notice to all Defendants.

13. Plaintiff accordingly requests an extension of at least two weeks to allow Alibaba to comply with the Order such that there is sufficient notice and opportunity for the Defendants to appear for a subsequent preliminary injunction hearing.

I declare under the penalty of perjury laws of the United States of America that to the best of my knowledge the foregoing is true and correct.

Executed this April 27, 2023, in Schaumburg, Illinois.

/s/ Nicholas S. Lee