# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **Tiara Bliss, Inc.**, | Case No.: 1:23-cv-01954 |
| Plaintiff, | Judge: Hon. Harry Leinenweber |
| v. | |
| **The Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associations Identified on Schedule A to the Complaint**, | **JURY TRIAL DEMANDED** |
| Defendants. | |

**BRIEF IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION**

Plaintiff Tiara Bliss, Inc. ("Tiara Bliss") submits this Brief in support of its Motion for Entry of a Preliminary Injunction ("Injunction") and requests a hearing on its Motion.

**INTRODUCTION AND SUMMARY OF ISSUES**

Tiara Bliss filed a Motion for Temporary Restraining Order and Preliminary Injunction with its Complaint (Dkt. 8). The Court issued a Temporary Restraining Order ("TRO") on April 6, 2023 (Dkt. 15) and subsequently extended it through May 18, 2023 (Dkt. 17 and 21). Through enforcement efforts relating to the TRO, Tiara Bliss has provided notice to various third parties who operate the marketplaces used by Defendants to conduct their infringement, as outlined in the Complaint. Specifically, Tiara Bliss provided notice of the TRO to eBay.com, Amazon.com, Walmat.com, Etsy.com, and Alibaba.com. It is Tiara Bliss's understanding that each of those third parties has provided notice of this case to the relevant Defendants who were using the marketplaces operated by such third parties. In fact, after providing notice to the third-party marketplaces, Defendants began contacting Tiara Bliss to discuss this case, many of whom have reached amicable settlements with Tiara Bliss and been dismissed. *See e.g.*, Notice of Dismissal at Dkts. 22, 24-27, and 29.

Additionally, Tiara Bliss filed a Motion for Alternative Service with its Complaint (Dkt. 9), which was also granted by the Court (Dkt. 14). As requested in the Motion for Alternative Service, and as granted by the Court, Tiara Bliss sought leave to serve each of the Defendants by electronic mail to the merchant accounts and electronic stores listed in Schedule A to the Complaint or additional email addresses identified by the third-party marketplaces. On May 9, 2023, Tiara Bliss completed service on the majority of Defendants through electronic mail to their respective email addresses. *See* Declaration of Elizabeth Lee (Dkt. 30). Any Defendant not served

1

was not served because they have either already been dismissed, their dismissal is imminent, or Tiara Bliss has been unable to verify contact information at this time. Tiara Bliss does not seek to enjoin any Defendant who has not yet been served. For the purposes of this Motion, the use of "Defendants" hereafter refers to Defendants who have been served and thus against whom Tiara Bliss seeks this preliminary injunction.

A TRO having been issued, a preliminary injunction is now appropriate in this case and should be granted against Defendants. As alleged in Tiara Bliss' Complaint, Defendants shower caps that infringe Tiara Bliss's rights in U.S. Patent Nos. 9,398,780 ("the '780 Patent," attached as Exhibit A). Currently, Defendant's infringing sales are being prevented by the TRO. However, absent a preliminary injunction, ongoing infringing sales would continue to have a detrimental effect on Plaintiff and cause irreparable harm to its business. Among other reasons, Defendant's infringing sales will lead to price erosion, lost sales, loss of market share, and reputational harm (including loss of good will associated with Tiara Bliss's products that embody the '780 Patent). Moreover, the loss of an initial sale results in the loss of ongoing sales, such as replacements, because consumers are likely to return to the source of their initial purchase when purchasing a replacement. Thus, Tiara Bliss is losing market share due to Defendants' infringement.

Likewise, Defendants' acts of infringement have eroded Tiara Bliss's exclusionary rights embodied in the '780 Patent. Tiara Bliss does not license out its intellectual property. That is, Tiara Bliss is not a nonpracticing entity. To the contrary, Tiara Bliss aggressively exploits its intellectual property, including the '780 Patent, to market and sell its embodying products to consumers. In other words, Tiara Bliss does not have a history of licensing the '780 Patent or its other intellectual property, other than as needed for Tiara Bliss to produce and sell its own products. The above-described harms are irreparable, immediate, and will continue to accrue throughout the

proceedings in this case absent a preliminary injunction. Therefore, a preliminary injunction is necessary to prevent ongoing harm until a final determination on the merits.

## I. STATEMENT OF FACTS

### A. Tiara Bliss, Inc. and the '780 Patent

Tiara Bliss is a privately-owned company that manufactures, markets, and sells various designs of shower caps. In particular, Tiara Bliss sells a product that embodies the invention claimed in the '780 Patent through online marketplaces, www.amazon.com in particular, and its own website (www.shopmytiara.com). Pursuant to 35 § 287, Tiara Bliss has marked its products embodying the '780 Patent on at least its Amazon.com listing page to inform customers and competitors of its patent rights.

### B. Defendants' Infringing Conduct

Defendants, like Tiara Bliss, appear to sell a variety of small home items. As particularly relevant to this case, Defendants sell shower caps as shown in the exemplary screenshots attached as Exhibit B to the Complaint. As shown in the claim chart attached to the Complaint as Exhibit C and hereto as Exhibit B, and as further alleged in the Complaint and discussed below, the shower caps being sold by Defendants infringe upon at least Claim 1 of the '780 Patent.

## II. ARGUMENT

Defendants' purposeful, intentional, and unlawful conduct is causing and, unless enjoined, will continue to cause irreparable harm to Tiara Bliss, its reputation, goodwill, and market share. To stop this irreparable harm, Tiara Bliss respectfully requests that this Court issue, following any necessary hearing, a preliminary injunction ordering, among other things, the immediate cessation of sales of the infringing products, a recall of all infringing products currently on store shelves, and a cessation of advertisements for the infringing products. Without the relief requested by this

Motion, Defendants' unlawful activity will continue unabated and Tiara Bliss will continue to suffer irreparable injury for which there is no adequate remedy at law.

    A.    <u>Applicable Standards</u>

Courts have the discretion to issue an injunction to "prevent the violation of any rights secured by patent." 35 U.S.C. § 283.[1] The right to exclude others is among the most valuable rights – if not the most valuable right – secured by a patent grant. *See Sanofi-Synthelabo v. Apotex Inc.*, 470 F.3d 1368, 1383 (Fed. Cir. 2006) ("Indeed, the encouragement of investment-based risk is the fundamental purpose of the patent grant and is based directly on the right to exclude.") (internal citations omitted). The purpose of a preliminary injunction is to preserve the status quo by preventing future infringement pending a determination on the merits. *Abbott Labs. v. Sandoz*, 544 F.3d 1341, 1344-45 (Fed. Cir. 2008) (citing *University of Texas v. Camenisch*, 451 U.S. 390, 395, 101 S.Ct. 1830, 68 L.Ed.2d 175 (1981)).

Generally, the party seeking an injunction must show that: (1) the movant is likely to succeed on the merits; (2) irreparable harm will result if the relief is not granted; (3) the balance of hardships to the parties weighs in the movant's favor; and (4) the public interest is best served by granting the injunctive relief. *See Titan Tire Corp. v. Case New Holland*, 566 F.3d 1372, 1375-76 (Fed. Cir. 2009) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008*); see also Abbott Labs v. Sandoz, Inc.*, 500 F. Supp. 2d 807, 815-16 (N.D. Ill. 2007) (citing *Polymer Techs., Inc. v. Bridwell*, 103 F.3d 970, 973 (Fed. Cir. 1996)). A party moving for a preliminary injunction need not demonstrate a likelihood of absolute success on the merits. *Valencia v. City of*

---

[1] With respect to the applicable standard, the Federal Circuit has explained that a preliminary injunction enjoining patent infringement pursuant to 35 U.S.C. § 283 "involves substantive matters unique to patent law and, therefore, is governed by the law of [the Federal Circuit]." *Revision Military, Inc. v. Balboa Mfg. Co.*, 700 F.3d 524, 525 (Fed. Cir. 2012) (quoting *Hybritech Inc. v. Abbott Labs.*, 849 F.2d 1446, 1451 n.12 (Fed. Cir. 1988)).

4

*Springfield*, 883 F.3d 959, 966 (7th Cir. 2018). It must only show that its chances of succeeding in its claims are better than negligible. *Id*.

Regarding the first factor, success on the merits means demonstrating that it is likely that the patent is infringed and that the patent will survive any invalidity challenges. *See Titan Tire*, 566 F.3d at 1376. However, issued patents are presumed valid, and that presumption applies at trial as well as before trial. *Id*. at 1376-77. "Thus, if a patentee moves for a preliminary injunction and the alleged infringer does not challenge validity, the very existence of the patent with its concomitant presumption of validity satisfies the patentee's burden of showing a likelihood of success on the validity issue." *Id*. at 1377 (citing *Purdue Pharma L.P. v. Boehringer Ingelheim GmbH*, 237 F.3d 1359, 1365 (Fed. Cir. 2001) and *Canon Comp. Sys., Inc. v. Nu-Kote Int'lm Inc.*, 134 F.3d 1085, 1088 (Fed. Cir. 1998).

Infringement of a utility patent "involves a two-step process: (1) 'the court determines the scope and meaning of the asserted claims'; and (2) 'the properly construed claims are compared to the allegedly infringing device.'" *Edge Sys. LLC v. Aguila*, 635 Fed. Appx. 897, 902 (Fed. Cir. 2015) (quoting *Mas-Hamilton Grp. v. LaGard, Inc*., 156 F.3d 1206, 1211 (Fed. Cir. 1998)). Plaintiff need only show a likelihood of infringement of one or more claims of the asserted patents to show a likelihood of success. *Id*.

The second factor, irreparable harm, means harm that cannot be fully remedied by a final judgment in the plaintiff's favor. *See H-D, USA, LLC v. P'ships & Unincorporated Ass'ns Identified on Schedule "A"*, No. 21-C-3581, 2021 U.S. Dist. LEXIS 187253, at *10 (N.D. Ill. Sept. 24, 2021) (citing *Kraft Foods Brands LLC v. Cracker Barrel Old Country Stores, Inc.*, 735 F.3d 735, 740 (7th Cir. 2013). Irreparable harm can be shown by, for example, loss of customers and market share, particularly where the specific loss of customers is not easily quantifiable, and loss

5

of goodwill and reputation. *See e.g., Life Spine, Inc. v. Aegis Spine, Inc.*, 8 F.4th 531, 545-45 (7th Cir. 2021). Likewise, while the Supreme Court has rejected a presumption of irreparable harm stemming from the right to exclude in patent cases (*see eBay, Inc. v. MercExchange, LLC*, 547 U.S. 388 (2006)), that holding does not "swing the pendulum in the opposite direction" and thus "[w]hile a patentee's right to exclude alone cannot justify an injunction, it should not be ignored either." *Robert Bosch, LLC v. Pylon Mfg. Corp.*, 659 F.3d 1147, 1149 (Fed. Cir. 2011).

The third factor, the balance of hardships, is measured by weighing the possibility of irreparable harm to the non-moving party if the injunction is issued, balanced against the irreparable harm the moving party will suffer if the relief is denied. *See Ty, Inc. v. Jones Grp., Inc.*, 237 F.3d 891, 895 (7th Cir. 2001). This has been described as a "sliding scale" analysis. *Christian Legal Soc'y v. Walker*, 453 F.3d 853, 859 (7th Cir. 2006). The more likely Plaintiff is to succeed on the merits, the less the balance of harms needs to weigh in its favor. *Chicagoland Aviation, LLC v. Todd,* Case No. 12-c-1139, 2012 U.S. Dist LEXIS 167796, *6 (N.D. Ill. November 27, 2012) (citing *Christian Legal*, 453 F.3d at 859). The Court weighs these factors, "sitting as would a chancellor in equity," when deciding whether to grant the injunction. *Ty, Inc.*, 237 F.3d at 895 (quoting *Abbott Labs. v. Mead Johnson & Co.*, 971 F.2d 6, 11 (7th Cir. 1992)).

      B.      <u>Tiara Bliss is Likely to Succeed on the Merits</u>

Plaintiff alleges infringement of its utility patent, the '780 Patent. Specifically, Defendants are infringing at least Claim 1 of the '780 Patent, which states:

> A shower cap for wearing on a user's head, said cap comprising:
> a piece of fabric formed to have a generally hemispherical shape; said piece of fabric having a peripheral edge, said piece of fabric bounding and defining a cavity adapted to receive a portion of the user's head therein; and
> an elastic member, said elastic member being positioned adjacent only part of the peripheral edge of the piece of fabric; and wherein a remaining section of the peripheral edge is free of the elastic member; and when the shower cap is worn on the user's head the elastic member pulls substantially the entire

6

>elastic-free section of the peripheral edge into direct contact with the user's head and substantially prevents water from entering the cavity.

'780 Patent, Claim 1.

The claim chart attached to Plaintiff's Complaint as Exhibit C and hereto as Exhibit B shows that the accused shower caps meet all of the claim elements of Claim 1. Accordingly, Plaintiff has demonstrated infringement of the requisite at least one claim of the '780 Patent. Consequently, Plaintiff has shown a high likelihood of success on its claim for infringement of the '780 Patent.

With respect to validity, the Court must only "make an assessment of the persuasiveness of the challenger's evidence" – if presented – "recognizing that it is doing so without all evidence that may come out at trial." *New England Braiding Co. v. A.W. Chesterton Co.*, 970 F.2d 878, 882-83 (Fed. Cir. 1987). The Court need not resolve validity at this early stage. *Id*. Notably, each of the Defendants has been subject to, and had notice of, the TRO entered in this case for several weeks and have each failed to come forward to present a validity challenge. Because Defendants have not come forth with any challenge to the validity of the '780 Patent, the presumption of validity attached to all issued patents controls and is enough to establish a likelihood that the patent will survive an invalidity challenge. *Titan Tire Corp. v. Case New Holland, Inc.*, 566 F.3d 1372, 1377 (Fed. Cir. 2009) ("[I]f a patentee moves for a preliminary injunction and the alleged infringer does not challenge validity, the very existence of the patent with its concomitant presumption of validity satisfies the patentee's burden of showing a likelihood of success on the validity issue.").

C. <u>Tiara Bliss Will Suffer Irreparable Harm in the Absence of Injunctive Relief</u>

The second element of the injunction analysis, whether Tiara Bliss will suffer irreparable harm absent the requested relief, "seeks to measure harms that no damages payment, however

great, could address." *Celsis in Vitro, Inc., v. Cellzdirect, Inc.*, 664 F.3d 922, 930 (Fed. Cir. 2012). Here, Tiara Bliss will be immediately and irreparably harmed if Defendants are not enjoined from making, using, selling, and offering for sale the accused shower caps. At a minimum, such harm consists of loss of the benefit of patent exclusivity and loss of market share.

      **i.    Tiara Bliss Will Suffer Immediate Irreparable Harm as a Result of The Loss of Its Patent Exclusivity**

The ability to exclude others is fundamental to the patent right. *See Sanofi*, 470 F.3d at 1383; *see also Smith Int'l, Inc. v. Hughes Tool Co.*, 718 F.2d 1573, 1581 (Fed. Cir. 1983) ("The very nature of the patent right is the right to exclude others."). That right is rendered meaningless where others are permitted to continue their infringement. Tiara Bliss has not licensed its rights under the '780 Patent to any other parties and has, instead, valued its exclusionary right. Thus, the inability to exclude others for any period of time during the term of the patent – including during the period of time necessary to reach a final judgment in this case – constitutes harm for which Tiara Bliss cannot be adequately compensated at law. Therefore, an injunction is necessary in order to preserve the status quo and Tiara Bliss's right to exclude others from practicing its invention.

In *eBay*, the Supreme Court rejected a presumption that the right to exclude alone was sufficient to establish irreparable harm. *See* e*Bay*, 547 U.S. at 394. Since that holding, however, courts have continued to look to the right to exclude as a relevant factor to consider when weighing the existence of irreparable harm. *See e.g., Robert Bosch LLC*, 659 F.3d at 1149. This is particularly true where, as here, a plaintiff has shown a record of declining to license its patent rights and instead exploit the right of exclusion to promote its own products.

      ii.      **Tiara Bliss's Ability to Collect Monetary Damages as a Remedy for Infringement is, At Best, Uncertain**

Defendants are each located in foreign countries, primarily China, and sell the accused products through online marketplaces such as Amazon, eBay, Walmart, Etsy, and Alibaba. This permits Defendants a certain level of anonymity. Even if Tiara Bliss is able to identify domestic bank accounts owned by some of the Defendants, the ease with which Defendants can move funds in those accounts to foreign banks that are outside the reach of this Court warrants an injunction to prevent continued sales because it is not clear that Tiara Bliss would ever be able to collect even a prospective royalty for such sales. That is, without an injunction, Defendants could continue to make infringing sales and regularly empty any domestic financial accounts, such as assets held by the third-party marketplaces, and move those funds outside of Tiara Bliss's and the Court's reach. As entities without readily apparent or accessible domestic assets who operate through an online marketplace (thus shielding their operations), it is reasonable to infer that collecting monetary damages against Defendants will be difficult, if not impossible. Such factors weigh in favor of finding irreparable harm. *See Peng v. Partnerships*, No. 21-cv-1344, 2021 U.S. Dist. LEXIS 174254, at *7-8 (N.D. Ill. Sept. 14, 2021) (citing *Robert Bosch LLC*, 659 F.3d at 1155-56).

      iii.      **Tiara Bliss Will Suffer Immediate Irreparable Harm as a Result of a Loss of Market Share**

Absent an injunction, Tiara Bliss will lose market share. Loss of market share constitutes irreparable injury for which Tiara Bliss has no adequate remedy at law. *See Black & Decker v. Robert Bosch Tool Corp.*, No. 04-C-7955, 2006 U.S. Dist. LEXIS 86990 (N.D. Ill. Nov. 29, 2006) ("Loss of market share is a key consideration in determining whether a plaintiff has suffered irreparable harm."). Tiara Bliss has a recognizable brand associated with its embodying products sold through Amazon.com and Plaintiff's own website (www.shopmytiara.com) and has

9

developed its market share through extensive advertising and the expenditure of substantial sums of money, at least relative to the market in question. Market share lost due to Defendants' unlawful acts might never be recovered, particularly if Tiara Bliss is forced to compete against lower-priced knock off products that erode Tiara Bliss's own pricing structure and limit its ability to use proceeds from sales to continue to grow or maintain its market share. Such loss cannot be remedied by mere monetary damages and thus constitutes irreparable harm. *See Canon, Inc. v. GCC Intern. Ltd.*, 2006-1615, 2008 U.S. App. LEXIS 2429, *11 (Fed. Cir. 2008) ("Due to the difficulty (if not impossibility) of determining the damages resulting from price erosion and loss of market share, an award of money damages would not be sufficient.").

Here, it is clear that Plaintiff will lose market share if Defendants are not enjoined from continuing their infringing activities. Plaintiff and Defendants are direct competitors in the selfcare market and their competing shower caps are sold through the same channels of trade. Specifically, Tiara Bliss's shower caps that embody the '780 Patent and Defendant's infringing products are each sold through the Amazon.com Marketplace. *See* Exhibit A and Schedule A to Complaint (Dkt No. 1). Additionally, the vast majority of customers will purchase all of their reusable shower caps (if they have more than one) from a single source, likely in a single transaction, because they are sold in bulk and are reusable. Thus, each sale of an infringing shower cap made by Defendants is a sale that Plaintiff cannot make.

To the extent additional purchases are made, the loss of the initial sale also results in the loss of the potential to make ongoing sales, such as replacements. That is, each sale by Defendants is a lost sale and a lost potential for returning sales of additional or replacement caps. It is reasonable to infer that consumers would look to the source of their original product first when shopping for any replacements, particularly when such products are sold through online

marketplaces, such as Amazon.com, that track past purchases and even recommend repeat purchases. Moreover, because the self-care industry is in part fueled by customer and influencer referrals and word of mouth, it is reasonable to infer that the sale and use of Plaintiff's product increases the exposure of its products to new customers. This leads to continuous harm in the form of lost potential customers, which in turn reduces Tiara Bliss's market share. *See generally Robert Bosch LLC*, 659 F.3d at 1154 (considering loss of access to potential customers as evidence of irreparable harm).

        D.      <u>The Balance of Hardships Favors Tiara Bliss</u>

The third factor, balance of hardships, favors Tiara Bliss as well. As noted above, the stronger the showing of likelihood of success on the merits, the less the balance of harms needs to weigh in Plaintiff's favor. *See Chicagoland Aviation, LLC v. Todd*, Case No. 12-c-1139, 2012 U.S. Dist. LEXIS 167796, *6 (N.D. Ill. November 27, 2012). Thus, "[t]he magnitude of the threatened injury to the patent owner is weighed, in the light of the strength of the showing of likelihood of success on the merits, against the injury to the accused infringer if the preliminary decision is in error." *H.H. Robertson Co. v. United Steel Deck, Inc.*, 820 F.2d 384, 390 (Fed. Cir. 1987) (overturned on other grounds by *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 977 (Fed. Cir. 1995)).

As set forth above, Tiara Bliss has made a strong showing of a likelihood of success on the merits of its patent infringement claim; thus, the balance of hardships need only weigh slightly in its favor. Likewise, several of the Defendants appear to be "bazaar-style" sellers who sell a wide variety of unrelated products. Thus, the infringing products appear to be only one of several different revenue streams available to the Defendants and enjoining just one of those products is unlikely to have a significant impact on the Defendants' business operations. In any event, the only

11

potential harm to Defendants if this injunction is granted is that it would not be permitted to continue to sell an infringing product. This type of harm is a consequence of Defendant's own infringing activities and therefore should not be considered when weighing the harms. In contrast, Plaintiff will suffer immediate irreparable harm for which there is no adequate remedy at law if this injunction is not granted, as set forth above. Accordingly, the balance of harms weighs strongly in favor of Plaintiff.

      E.    <u>Injunctive Relief Will Not Harm the Public Interest</u>

The starting point regarding public interest is favoring protection of a patentee because of the "strong public policy favoring the enforcement of patent rights." *PPG Indus., Inc. v. Guardian Indus. Corp.*, 75 F.3d 1558, 1567 (Fed. Cir. 1996). Thus, the inquiry should be "whether there exists some critical public interest that would be injured by the grant of preliminary relief." *Hybritech, Inc. v. Abbott Labs.*, 849 F.2d 1446, 1458 (Fed. Cir. 1998). Here, there is no public interest, let alone a critical one, that will be injured by the grant of the requested relief. The public has an interest in the functioning of its patent system and in encouraging fair business practices. See *PPG*, 75 F.3d at 1567. Accordingly, no public interest will be harmed by an injunction.

**IV.**    **<u>CONCLUSION</u>**

Due to the strong likelihood of success on the merits of Plaintiff Tiara Bliss, Inc.'s case and the irreparable harm that would result without an injunction, Plaintiff respectfully requests that a hearing on its Motion be set at the Court's earliest convenience and that an injunction be entered.

Dated: May 17, 2023                                                     Respectfully submitted,

                                                                                  /s/ Nicholas S. Lee
                                                                                  Edward L. Bishop
                                                                                  ebishop@bdl-iplaw.com
                                                                                 Nicholas S. Lee

nlee@bdl-iplaw.com
Benjamin A. Campbell
bcampbell@bdl-iplaw.com
BISHOP DIEHL & LEE, LTD.
1475 E. Woodfield Road, Suite 800
Schaumburg, IL 60173
Tel.:  (847) 969-9123
Fax:  (847) 969-9124

*Counsel for Plaintiff, Tiara Bliss, Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system this May 17, 2023. Any other counsel of record will be served by electronic and/or first-class mail.

/s/ Nicholas S. Lee
Nicholas S. Lee