UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Tiara Bliss Inc., <br><br> Plaintiffs, <br><br> v. <br><br> INDIVIDUALS, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS ON SCHEDULE "A," <br><br> Defendants | Case No.: 1:23-cv-01954 <br><br> Hon. Judge Harry D. Leinenweber |

**MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

Defendant, Auban Inc. (hereinafter referred to as "Defendant" or "Auban"), by and through the undersigned counsel, respectfully submits this Memorandum, together with the Declaration of Tang Yuxi ("Tang Decl.") and the Exhibits, in Opposition to Plaintiff's Motion for Preliminary Injunction [Dkt 31]

# **INTRODUCTION**

Plaintiff, Tiara Bliss Inc. ("Tiara Bliss" or "Plaintiff") alleges to be the owner of a shower cap registered under U.S. Patent No. 9,398,780 ("the '780 Patent"). This patent was filed on August 25, 2015 ("Filing Date") and issued on July 26, 2016 ("Issued Date").

On March 28, 2023, Plaintiff filed a partial sealed complaint for patent infringement [Dkt 1]. Meanwhile, Plaintiff, *ex parte*, applied for a Temporary Restraining Order ("TRO") [Dkt 8]

which was granted on April 6, 2023. [Dkt 14]. Plaintiff moved for TRO extension on May 2, 2023 [Dkt 20] and Preliminary Injunction on May 17, 2023 [Dkt 32]

Defendant is a small business located in China and operating its business in Amazon.com. See *Tang Decl*. at 4. Defendant has been selling Auban branded Shower Cap through Amazon under ASIN B08CF1GQ7V since May 8th, 2021. *Id* at 5. Defendant's Amazon Store was suddenly frozen on April 21st, 2023 by a notification from Amazon. *Id* at 6. Before this notification, Defendant had never received any patent complaint from the Plaintiff. *Id* at 7. The TRO has caused a significant financial strain on the Defendant. *Id* at 9. Usually, Defendant pays the employees on the 15th of each month, but due to the TRO, the salaries remain unpaid.. *Id* at 10.

The PI shall not be granted for a multitude of reasons. ***First***, Plaintiff's request for a PI should also be rejected because they have not and cannot show irreparable harm. ***Second***, Plaintiff is unlikely to succeed on the merits as Plaintiff's Patent is not being infringed herein. Plaintiff is also unlikely to succeed on the merits as Plaintiff's Patent is likely invalid in view of prior designs in the public.

***Further***, Defendant has been selling their products since May 21st, 2021, long before this case was initiated. As such, there is significant delay which bars Defendant's alleged irreparable harm.

For that reason alone, Plaintiffs' request for a PI should be rejected. Furthermore, neither the balance of hardship nor the public interest weighs in favor of granting a PI. As discussed in more details below, Defendants will suffer greater harm if a PI is granted than Plaintiff will if it is denied. The public will be harmed if Plaintiff may obtain an unjustifiable litigation advantage from its invalid patent assertions herein.

In the alternative, if the Court were to grant a PI, bond should be ordered or if same has already been ordered, it should be modified so that Plaintiff has to post a bond of at least USD 1,000,000.

# ARGUMENT

**A. Plaintiff Fails to Meet the Burden of a Preliminary Injunction**

A party seeking the "***extraordinary relief***" of a preliminary injunction must "establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Takeda Pharms. U.S.A., Inc. v. Mylan Pharms. Inc.*, 967 F.3d 1339, 1345, 1349 (Fed. Cir. 2020). A movant cannot be granted a preliminary injunction unless it establishes ***both likelihood of success on the merits and irreparable harm***. *PHG Techs., LLC v. St. John Co., Inc.*, 469 F.3d 1361, 1365 (Fed. Cir. 2006) (internal quotation marks omitted).

  1. ***The PI Should Be Denied Because Plaintiff Has Not Shown or Cannot Show its Irreparable Harm***

A showing of irreparable harm is "the single most important prerequisite for the issuance of a preliminary injunction." *NYP Holdings v. New York Post Pub. Inc.*, 63 F. Supp. 3d 328, 335 (S.D.N.Y. 2014). As long established by the Supreme Court in *eBay, Inc. v. Mercexchange, LLC*, 547 U.S. 388 (2006), there can be no presumption of irreparable harm in a case such as this one.

In *Sampson v. Murray*, 415 U.S. 61, 94 S. Ct. 937, 39 L. Ed. 2d 166 (1974), the Supreme Court stating that "it seems clear that the temporary loss of income, ultimately to be recovered, does not usually constitute irreparable injury." *Id*. at 90, 94 S. Ct. at 952. The Court then quoted

from *Virginia Petroleum Jobbers Ass'n v. FPC*, 104 U.S. App. D.C. 106, 259 F.2d 921, 925 (D.C.Cir.1958):

> "Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough. The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm."

415 U.S. at 90, 94 S. Ct. at 952, 39 L. Ed. 2d 166. *Accord, Oburn v. Shapp*, supra, 521 F.2d at 151.

A patentee seeking a preliminary injunction must demonstrate that irreparable injury is likely in the absence of an injunction. *New York v. U.S. Dep't of Homeland Sec.*, 969 F.3d 42, 86 (2d Cir. 2020). "Irreparable harm is injury that is neither remote nor speculative, but actual and imminent and that cannot be remedied by an award of monetary damages." *Id*. A patentee must also show "that a sufficiently strong causal nexus relates the alleged harm to the alleged infringement." *Bio-Rad Lab'ys, Inc. v. 10X Genomics Inc.*, 967 F.3d 1353, 1378 (Fed. Cir. 2020) (internal quotation marks omitted).

Where competitive injury has already occurred, an injunction that restrains the defendant from competing with the plaintiff during the pendency of the lawsuit does not serve to preserve the status quo. *Machlett Laboratories, Inc. v. Techny Indust., Inc.*, 665 F.2d 795, 796 (7th Cir. 1981). Moreover, "***delay*** in pursuing a preliminary injunction may raise questions regarding the plaintiff's claim that he or she will face irreparable harm if a preliminary injunction is not entered." *Ty, Inc. v. The Jones Group, Inc.*, 237 F.3d 891, 903 (7th Cir. 2001).

***First***, Plaintiff's complaint contains no analysis whatsoever of Defendant's alleged infringement. Notably, there is no claim chart provided to or served on Defendant. In *Bio-Rad Lab'ys, Inc*, it is settled law that, in order to show irreparable harm, a patentee must establish that

there is a strong causal nexus between the alleged harm and the alleged infringement. Here, Plaintiff has not met its burden of demonstrating that connection.

***Second***, the timing of this lawsuit calls into question Plaintiff's assertion of irreparable harm. Plaintiff's patent was issued in 2016. Defendant began publicly selling its product on Amazon in May 2021. Yet, it took almost two years for the plaintiff to bring this lawsuit. The lengthy delay here undermines Plaintiff's claim that it faces a threat of imminent harm, a key requirement of irreparable harm.

***Finally***, Plaintiff's alleged losses are economic in nature and can be compensated later. Plaintiff's TRO memo states that "*Plaintiff has its patent right only for a limited time*" and that the "*plaintiff has shown a record of declining to license its patent rights and instead exploit the right of exclusion to further its interest in developing, marketing, and selling its own products*. *See* Plaintiff's Motion for TRO, Page 7-8. [Dkt 8] These are all economic harms that can be compensated with monetary damages. Plaintiff has not provided any analysis of how these economic losses translate into irreparable harm that cannot be remedied by an award of damages.

In conclusion, Plaintiff has failed to establish a likelihood of irreparable harm, which is the single most important prerequisite for the issuance of a preliminary injunction. For these reasons, the court should deny the plaintiff's motion for a preliminary injunction.

### 2. *A PI Should not Be Granted Because Plaintiffs Are Unlikely to Succeed on The Merits*

Federal Circuit law governs whether a patentee has shown a likelihood of success on the merits. *BlephEx, LLC v. Myco Indus., Inc.*, 24 F.4th 1391, 1400 (Fed. Cir. 2022). A patent infringement analysis requires the court to construe the claims and then compare them to the allegedly infringing product. To be infringing, every limitation of the asserted patent claims must

be found in the allegedly infringing product, either literally or by equivalence. *SmithKline Diagnostics, Inc. v. Helena Labs. Corp.*, 859 F.2d 878, 889 (Fed. Cir. 1988).

In this case, Plaintiff has not satisfactorily demonstrated how Defendant's product is infringing on '780 Patent. As discussed earlier, Plaintiff has not provided a claim chart, which is a crucial tool for demonstrating how the accused product maps onto the patent claims. Without a claim chart or a similar form of analysis, Plaintiff has not shown how every limitation of its asserted patent claims is found in Defendant's product.

"A patent for a claimed invention may not be obtained, notwithstanding that the claimed invention is not identically disclosed as set forth in section 102, if the differences between the claimed invention and the prior art are such that the claimed invention as a whole would have been obvious before the effective filing date of the claimed invention to a person having ordinary skill in the art to which the claimed invention pertains." 35 U.S.C. § 103.

For design patents, the ultimate inquiry for obviousness "is whether the claimed design would have been obvious to a designer of ordinary skill who designs articles of the type involved." *Titan Tire Corp. v. Case New Holland, Inc.*, 566 F.3d 1372, 1380-81 (Fed. Cir. 2009) (quoting *Durling v. Spectrum Furniture Co.*, 101 F.3d 100, 103 (Fed. Cir. 1996)). "Obviousness is a question of law based on underlying findings of fact." *In re Kubin*, 561 F.3d 1351, 1355 (Fed. Cir. 2009). In reaching this conclusion, the court must avoid "hindsight bias and must be cautious of arguments reliant upon ex post reasoning." *KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398, 421 (2007). One underlying factual issue is whether a prior art design qualifies as a "primary reference." *High Point Design LLC v. Buyers Direct, Inc.*, 730 F.3d 1301, 1311 (Fed. Cir. 2013). A primary reference is a single reference that creates basically the same visual impression as the claimed design. *Id*. at 730 F.3d at 1312 (cleaned up). Slight differences in

design do not necessarily preclude a basically the same finding. *MRC Innovations, Inc. v. Hunter Mfg., LLP*, 747 F.3d 1326, 1333 (Fed. Cir. 2014). A patent can be obvious in light of a single prior art reference if it would have been obvious to modify that reference to arrive at the patented invention. See, e.g., *Takeda Chem. Indus., Ltd. v. Alphapharm Pty, Ltd.*, 492 F.3d 1350, 1357 (Fed. Cir. 2007); *SIBIA Neurosciences, Inc. v. Cadus Pharm. Corp.*, 225 F.3d 1349, 1356 (Fed. Cir. 2000).

In this case, it is undisputable that prior art renders Plaintiff's design patent obvious, and therefore, invalid under 35 U.S.C. § 103.

**B. The Balance of Hardships Weighs in Favor of Denying a PI**

The grant of a preliminary injunction in a design patent case often results in the defendants having to remove a product from the market, or at least drastically modify it, pending trial. Furthermore, given the extended duration of many design patent cases, the defendants may face months or even years before the product can be reintroduced. As a result, the hardship on the defendants can be drastic. *Illinois Tool Works v. Grip-Pak, Inc*., 906 F.2d 679 (Fed. Cir. 1990), the Federal Circuit considered opposing hardships and explained: the hardship on a preliminarily enjoined manufacturer who must withdraw its product from the market before trial can be devastating. On the other hand, the hardship on a patentee denied an injunction after showing a strong likelihood of success on validity and infringement consists in a frequently and equally serious delay in the exercise of his limited-in-time property right to exclude. Neither hardship can be controlling in all cases. Because the court must balance the hardships, at least in part in light of its estimate of what is likely to happen at trial, it must consider the movant's showing of likelihood of success. Yet, a court must remain free to deny a preliminary injunction,

whatever be the showing of likelihood of success, when equity in the light of all the factors so requires. *Illinois Tool*, 906 F.2d at 683.

Not only has Plaintiff failed to provide a claim chart to Defendant, but it has also not offered any concrete evidence to substantiate its allegations. In this context, showing the balance of hardships and/or public interest must be more compelling. Plaintiff has not met this standard. Considering all facts in this case, it is clear that Plaintiff does not urgently need injunctive relief to protect it from harm.

**C. Alternatively, Bond Should Be Ordered and/or Increased**

Although Defendant strenuously maintains that the PI should be rejected, if the Court disagrees, they submit that it should be modified to require a sufficient bond. Before a court may issue a preliminary injunction, Federal Rule of Civil Procedure 65(c) requires that the "movant give security in an amount that the court considers proper to pay the costs and damages sustained by any party . . . wrongfully enjoined." Fed. R. Civ. P. 65(c). Courts have wide discretion under Rule 65(c) when determining the amount of the security. *Doctor's Assocs., Inc. v. Distajo*, 107 F.3d 126, 136 (2d Cir. 1997). The amount of the bond is generally "the limit that a wrongfully restrained party may recover." *Johnson Controls, Inc. v. A.P.T. Critical Sys.*, 323 F. Supp. 2d 525, 541 (S.D.N.Y. 2004). Accordingly, in determining the bond amount, courts attempt to "limit the possibility that a restrained party that is ultimately successful on the merits is not able to obtain adequate relief." *Id*.

Should the Court decide to grant a preliminary injunction, it is crucial that a bond be stipulated. If a bond has already been set, it ought to be modified, requiring the Plaintiff to post a bond of no less than $1,000,000. This is necessitated by the restrictions that would be imposed

on the Defendant's Amazon account and the potential high costs and damages that the Defendant might suffer as a result of the injunction, thereby justifying an increase in the bond amount.

## **CONCLUSION**

Based on the foregoing arguments and the attached declaration, we respectfully urge this Court to deny the Plaintiff's Motion for a Preliminary Injunction against the Defendant. However, should the Court not concur with our argument, we respectfully petition that the bond be raised to USD 1,000,000 or any other suitable amount as deemed appropriate by this Court. Additionally, we humbly request any other relief that this Court considers fair and equitable in these circumstances.

Dated: Queens, New York
      May 23, 2023

Respectfully Submitted,

*/s/ Jiyuan Zhang*

_____
By: Jiyuan Zhang, Esq. (5707401)
J. Zhang and Associates, P.C.
Attorney for Defendant,
*Auban Inc*
13620 38th Avenue, #11G
Flushing, NY 11354
Tel: (607) 948-3339

## AFFIRMATION OF SERVICE

I hereby certify that on May 23, 2023, a copy of the foregoing was served on counsel of record and interested parties by electronic means pursuant to the court's Electronic Case Filing (ECF) system.

*/s/ Jiyuan Zhang*