IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **TIARA BLISS INC.,** <br><br> Plaintiff, <br><br> v. <br><br> **The Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associations Identified on Schedule A to the Complaint,** <br><br> Defendant. | Case No: 1:23-cv-01954 <br><br> Honorable Harry D. Leinenweber <br><br> **JURY TRIAL DEMANDED** |

**PLAINTIFF'S OPPOSITION TO DEFENDANT POZILAN'S MOTION TO DISMISS OR ALTERNATIVELY TO DISSOLVE PRELIMINARY INJUNCTION**

Plaintiff Tiara Bliss Inc. ("Tiara Bliss" or "Plaintiff"), by its attorneys, respectfully opposes Defendant POZILAN's Motion (Dkt. 53) to dismiss Plaintiff's Complaint or alternatively dissolve the Preliminary Injunction entered by this Court on May 23, 2023 (Dkt. 44). The only ground for dismissal presented in POZILAN's Motion arises under Fed. R. Civ. P. 12(b)(5) – alleged insufficient service of process. That argument, however, is based on a misunderstanding of Fed. R. Civ. P. 4 and relevant case law. Meanwhile, regarding the alternative request to dissolve the Preliminary Injunction, POZILAN raises the same unsuccessful arguments raised by Defendant Auban and fails to identify any argument that could not have been raised at the initial hearing on the Preliminary Injunction, which POZILAN failed to attend. Moreover, even considering the injunction factors anew, POZILAN's arguments fail to show that the injunction should not have been entered. For these reasons, POZILAN's Motion must be denied.

**INTRODUCTION AND SUMMARY OF PLEADING**

A more complete summary of this case and the allegations in Plaintiff's Complaint is

included in Plaintiff's Opposition to the Motion to Dissolve Preliminary Injunction filed by Defendant Barqcue. That summary is incorporated herein by reference in its entirety. In short, however, Plaintiff has raised claims for infringement of U.S. Patent No. 9,398,780 ("the '780 Patent") against each of the Defendants. The Defendants are each selling the same or predominantly similar shower caps that incorporate all of the claimed elements of the '780 Patent. POZILAN is identified in Schedule A to the Complaint as Defendant #2. *See* Schedule A to the Complaint, filed as Sealed Dkt. 4, at page 1 (listing POZILAN's business name as Guangzhou Jiakou Biotechnology Co Ltd; its address as Rm. 315 Bldg. E, Chen Tian Nan Lang Area, Baiyun Dist., Guangzhou, Guangdong, 510080, CN; and its Amazon Seller ID as A2FB7V8O6J2ZMR). Meanwhile, the Accused Products sold by POZILAN are identified by Amazon Standard Identification Numbers (ASINs) b08f3cl7kb, b08f3d5sfq, and b092d1xmhz. *Id.* Plaintiff also included representative screenshots of the various infringing product listings for each Defendant as Exhibit B to its Complaint. (Sealed Dkt. 4-1). For POZILAN, the infringing product listing is shown on page 2 of Exhibit B to the Complaint. *Id.* at p.2.

With its Complaint, Plaintiff requested entry of a Temporary Restraining Order and a Motion for Alternative Service. *See* Dkts. 8 and 9. Following a hearing on April 6, 2023, the Court granted both Motions and entered the requested Temporary Restraining Order ("TRO"). *See* Dkt. 14 (Minute Entry) and Dkt. 15 (Executed Temporary Restraining Order). Before the TRO expired, Plaintiff filed its Motion for entry of a Preliminary Injunction and its Brief in Support. (Dkts. 31 and 32). Various Defendants, including POZILAN, were served on May 8 and 9, 2023 via electronic mail as permitted by the Court's Order granting Plaintiff's Motion for Alternative Service. *See* Dkt. 30. A hearing on the Preliminary Injunction was held on May 18, 2023 and continued to May 23, 2023 to permit additional time for Defendants to appear and oppose the

Motion. Despite service, notice, and additional time, POZILAN failed to appear or defend against the Preliminary Injunction in any way. In fact, the only Defendant to file an opposition to the Preliminary Injunction was Defendant #6 Auban. *See* Opposition filed at Dkt. 35.

Following the May 23, 2023 Hearing, the Court entered the Preliminary Injunction over Auban's Opposition. Dkt. 44[1]. Later, on May 25, 2023, POZILAN filed an unopposed extension of its time to Answer or Otherwise Plead to the Complaint and then an Attorney Appearance. *See* Dkts. 39 and 40, respectively. Pursuant to the Unopposed Motion, POZILAN's deadline to file its Answer or otherwise plead in response to the Complaint was extended to June 6, 2023. (Dkt. 39).

On June 6, 2023, POZILAN filed the instant Motion seeking to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(5) or alternatively to dissolve the Preliminary Injunction entered by the Court on May 23, 2023. POZILAN's Motion alleges several facts regarding its contacts and presence in Illinois (*i.e.*, whether it is registered to do business in Illinois, whether it maintains offices or employees in Illinois, whether it owns any real or personal property in Illinois, etc.). *See e.g.*, Dkt 53-1, p. 3. However, these allegations are not relevant to any issue before the Court because POZILAN has brought its Motion only under Fed. R. Civ. P. 12(b)(5) for alleged insufficient service of process. POZILAN has not alleged that it is not subject to this Court's jurisdiction provided that service has been, or is later, perfected. Any such argument has now been waived. *See* Fed. R. Civ. P. 12(h)(1), *see also O'Brien v. R.J. Obrien & Assocs., Inc.*, 998 F.2d 1394, 1399 (7th Cir. 1993) (Rule 12 defenses are waived if not raised in the first motion raising defenses, whether stylized as a Rule 12 motion or otherwise). As explained below, service on

---

[1] As stated in the Court's Order, the Preliminary Injunction was not entered against Defendant #49 (Joybuy). At the May 23, 2023 Hearing, Plaintiff withdrew its request for a Preliminary Injunction against this Defendant because the parties were discussing procedures for substituting other entities for this Defendant.

3

POZILAN was proper and sufficient and its Motion must therefore be denied.

Regarding the alternative request to vacate the Preliminary Injunction, POZILAN does not explain why it failed to present the arguments in its Motion in response to Plaintiff's initial request for the Preliminary Injunction, why it failed to present those arguments in response to the Temporary Restraining Order entered almost two months earlier, or why it failed to appear in this action until after the Preliminary Injunction was entered at the May 23, 2023 Hearing. Nor does POZILAN state any changed circumstances that would warrant a renewed analysis of the Preliminary Injunction. Rather, POZILAN makes several unsupported assertions regarding the initial factors considered by the Court in granting the Preliminary Injunction and makes several false statements about the facts presented. Because POZILAN fails to show that any circumstances warrant vacating the Preliminary Injunction, its Motion must be denied.

I.     STANDARD OF REVIEW

"A defendant may enforce the service of process requirements through a pretrial motion to dismiss. Fed. R. Civ. P. 12(b)(5). The plaintiff bears the burden to demonstrate that the district court has jurisdiction over each defendant through effective service. If, on its own or on the defendant's motion, the district court finds that the plaintiff has not met that burden and lacks good cause for not perfecting service, the district court must either dismiss the suit or specify a time within which the plaintiff must serve the defendant. Fed. R. Civ. P. 4(m)." *Cardenas v. City of Chicago*, 646 F.3d 1001, 1005 (7th Cir. 2011) (internal case citation omitted). In considering a Rule 12(b)(5) motion, the Court "must ultimately view the facts in the light most favorable to the plaintiff." *1025 W. Addison Street Apartments Owner, LLC v. Grupo Cinemex, S.A. de C.V.*, No. 20-cv-6811, 2021 U.S. Dist. LEXIS 99131, at *10 (N.D. Ill. May 26, 2021). Any dismissal under Rule 12(b)(5) ordinarily should be without prejudice. *Cardenas* 646 F.3d. at 1007 (citing Fed. R.

4

Civ. P. 4(m) and *U.S. v. Ligas*, 549 F.3d 497, 201 (7th Cir. 2008) and affirming dismissal with prejudice only because the underlying statute of limitations had expired).

Like Barqcue before it, POZILAN does not state a standard for dissolving a Preliminary Injunction in its Brief. (Dkt. 53-1). Rather, POZILAN only presents the standard for issuing a Preliminary Injunction. *Id* at 10. The Federal Circuit has explained that a preliminary injunction enjoining patent infringement pursuant to 35 U.S.C. § 283 "involves substantive matters unique to patent law and, therefore, is governed by the law of [the Federal Circuit]." *Revision Military, Inc. v. Balboa Mfg. Co.*, 700 F.3d 524, 525 (Fed. Cir. 2012) (quoting *Hybritech, Inc. v. Abbott Labs*, 849 F.2d 1446, 1451, n. 12 (Fed. Cir. 1988)). Consequently, both the original injunction and any request to dissolve the injunction are properly analyzed under Federal Circuit law. Under Federal Circuit precedent, a request to dissolve a preliminary injunction is properly denied where the motion merely raises arguments that could have been presented at the original hearing on the injunction. *Pods, Inc. v. Porta Stor, Inc.*, 177 Fed. Appx. 73, 75 (Fed. Civ. 2006) (affirming denial of motion to vacate because defendant failed to show that the magistrate judge erred in holding that the new information submitted to support vacatur could have been presented at the original hearing on the injunction). Alternatively, a motion that merely presents previously presented arguments may be viewed as a motion for reconsideration of the original order if presented timely. *See Id.* at n.2 (holding that the motion on appeal presented some new grounds and thus was not an untimely request for reconsideration).

Here, POZILAN does not raise any arguments that could not have been presented at the original hearing on the injunction. In fact, POZILAN raises the same arguments raised by Barqcue, which are the same arguments unsuccessfully raised by Defendant Auban in its opposition considered at the original hearing. Like Barqcue before it, POZILAN does not explain why it failed

5

to appear at the original hearing or why it failed to present its arguments in a request to vacate the temporary restraining order or in response to Plaintiff's Motion for a Preliminary Injunction. Based on the legal standard alone, therefore, POZILAN's Motion should be denied for failure to raise any arguments that could not have been made at the hearing on the initial injunction. Even if the Court were inclined to consider the injunction anew, as POZILAN appears to believe would be proper, POZILAN fails to identify any errors in the Court's reasoning and fails to support that any of the relevant preliminary injunction factors should have been weighed in its favor. For these additional reasons, POZILAN's Motion must be denied.

## II. ARGUMENT

Every single argument raised by POZILAN regarding its Motion to Dismiss under Fed. R. Civ. P. 12(b)(5) has been raised and rejected in similar cases within this District. For example, in *Oakley*, after the plaintiff moved for a preliminary injunction, one of the defendants appeared and argued that service was improper because: 1) the plaintiff could have found its address had it undertaken a reasonable effort to find it; and 2) email service under Rule 4(f)(3) was prohibited by the Hague Convention. *Oakley, Inc. v. P'ships & Unincorporated Ass'ns Identified in Schedule "A"*, No. 20-cv-05049, 2021 U.S. Dist. LEXIS 128234, at *8 (N.D. Ill. July 9, 2021). Both arguments were soundly rejected by the Court. *Id.* at *10-15 (finding that even if the plaintiff failed to conduct diligent search for defendant's address, electronic service was still proper under Rule 4(f)(3) and was not prohibited by the Hague Convention). This Court should follow the logic in *Oakley* and similar cases for the reasons outlined below.

Likewise, every single argument raised by POZILAN regarding its Motion to Dissolve the Preliminary Injunction was raised first in the unsuccessful Opposition filed by Defendant Auban (*see* Dkt. 35) and then again in the co-pending Motion by Defendant Barqcue (*see* Dkt. 47). For

6

the same reasons the Court entered the Preliminary Injunction over Auban's objection and the same reasons the Court should deny Barqcue's Motion to Dissolve, the Court should also deny POZILAN's request to dissolve the Preliminary Injunction.

      A.    <u>POZILAN Was Properly and Successfully Served Pursuant to Fed. R. Civ. P. 4(f)(3)</u>

POZILAN does not dispute that it was successfully served consistent with the methods authorized in the Court's prior ruling granting alternative service. *See* Dkt. 14 (granting Plaintiff's Motion for Alternative Service (Dkt. 9)). Rather, POZILAN uses its Rule 12(b)(5) Motion as a collateral attack on the Court's ruling under Rule 4(f)(3). Quite simply, if the Court's ruling permitting alternative service under Rule 4(f)(3) is valid, then service on POZILAN was valid and POZILAN does not argue otherwise.

At page 4 of its Brief (Dkt. 53-1) POZILAN correctly notes that service on foreign business entities is governed by Fed. R. Civ. P. 4(h)(2) which permits service "in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(ii)." Rule 4(f), in turn, provides multiple alternative options for serving foreign defendants including: by international agreement, such as the Hague Convention on the Service Abroad of Judicial and Extrajudicial Document ("Hague Convention") and "by other means not prohibited by international agreement, as the court orders" *See* Fed. R. Civ. P. (f)(1) and (3).

POZILAN's entire argument is premised on the misguided belief that Plaintiff was required to conduct service through the Hague Convention and that a country's objection to Paragraph 10 of the Hague Convention (which authorizes service via "postal channels" for Countries that do not object) should be interpreted as a prohibition against electronic service over email. POZILAN is wrong on both accounts. Moreover, POZILAN's discussion of whether its mailing address was known is simply a red herring because knowledge or diligence in discovering

7

a defendant's address is irrelevant where the plaintiff requests and is granted leave to conduct court ordered service under Rule 4(f)(3) via electronic message.

First, Rule 4(f) contains no hierarchy, and all available methods of service under the Rule are given equal footing: "there is no indication of a hierarchy in the text or structure of Rule 4(f). So long as the proposed method of service is not prohibited by international agreement, Rule 4(f)(3) does not require a party to attempt service under the [Hague] Convention before seeking a court order directing alternative service." *NBA Props. v. P'ships & Unincorporated Ass'ns*, 549 F. Supp. 3d 790, 796 (N.D. Ill. 2021) (citations and internal quotation marks omitted).

Here, Plaintiff sought leave for alternative service under Rule 4(f)(3) when it filed its initial complaint. *See* Dkt. 9. Plaintiff was not required to first attempt service under the Hague Convention or explain why such service was not possible (such as for lack of knowledge of an address). Plaintiff was simply required to show that its proposed methods of service were not prohibited by international agreement and comport with constitutional notions of due process (*i.e.*, are "reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank Trust Co.*, 339 U.S. 306, 314 (1950). In other words, whether Plaintiff knew POZILAN's mailing address is immaterial because Plaintiff sought leave to conduct service electronically.

Second, while there is some disagreement among the courts, the bulk of authority has held that service by email is not prohibited by the Hague Convention even in Countries who have objected to the use of postal channels under Paragraph 10:

> Service by email is not specifically provided for in the [Hague] Convention, but neither is it forbidden. *See MacLean—Fogg Co. v. Ningbo Fastlink Equip. Co.*, No. 08 CV 2593, 2008 U.S. Dist. LEXIS 97241, 2008 WL 5100414, at *2 (N.D. Ill. Dec. 1, 2008) ("The Hague Convention does not prohibit service by e-mail or facsimile."); *Sulzer Mixpac AG v. Medenstar Indus. Co.*, 312 F.R.D. 329, 331 (S.D.N.Y. 2015) (same); *Ouyeinc Ltd. v. Alucy*, No. 20 C 3490, 2021 U.S. Dist.

8

> LEXIS 118876, 2021 WL 2633317, at *3 (N.D. Ill. June 25, 2021) (same); *see also Commodity Futures Trading Comm'n v. Caniff*, No. 19-cv-02935, 2020 U.S. Dist. LEXIS 33416, 2020 WL 956302, at *6 (N.D. Ill. Feb. 27, 2020) ("The Convention does not affirmatively authorize, nor does it prohibit, service by email"). Thus, despite that Plaintiffs had not attempted service under the terms of the [Hague] Convention, the Court was authorized to order that service be effected by an alternative means (*i.e.*, email) so long as Plaintiffs "ma[d]e a showing as to why alternative service should be authorized." *Flava Works*, 2013 U.S. Dist. LEXIS 57588, 2013 WL 1751468, at *7.

*NBA Props.*, 549 F. Supp. 3d at 797 (citations and alterations in original); *see also Oakley*, 2021 U.S. Dist. LEXIS 128234, at *11 (providing the same analysis and holding as *NBA Props.*).

The *NBA Props*. Court went on to justify speedy service under Rule 4(f)(3) in that case, rather than the decidedly slower process under the Hague Convention, "to ensure, among other reasons, that the funds gained by the allegedly infringing conduct would be recoverable." *Id.* (citing *Strabala v. Zhang*, 318 F.R.D. 81, 114 (N.D. Ill. 2016) as support for Court-directed service under Rule 4(f)(3) being appropriate when there is a need for speed that cannot be met by following the Hague Convention methods). Like *NBA Props*. and *Strabala* before it, this case presents significant circumstances that warrant preferring Court-ordered service over the methods under the Hague Convention. For example, as in *NBA Props*., there was a need to quickly freeze assets tied to the infringement to ensure that they were not secreted away before POZILAN could be brought before the Court. 549 F. Supp. 3d at 797. Likewise, the *NBA Props*. Court also recognized that electronic service is a particularly reliable form of service for online sellers because their email addresses are verified by the online marketplaces, while their physical mailing addresses (which would be used for service under the Hague Convention) are not. *Id.* Finally, speed of service was not only relevant to freezing the Defendants' accounts, but also to the prompt resolution of the subject Preliminary Injunction. Ironically, it is only because of the speedy service and prompt consideration of the Preliminary Injunction that POZILAN is even here to present any defenses at

9

this time. If service under the Hague Convention were required, that service would likely still be pending, and Plaintiff would have been unable to move forward with the preliminary injunction motion. As a consequence, Plaintiff would have been forced to continue the Temporary Restraining Order. In other words, POZILAN has benefitted as much from the speedy service as Plaintiff has, or at least had the potential to realize such benefit. Despite being given a speedier path toward presenting a defense, the only defense POZILAN has presented is the purported ineffective service.

It should also be noted that even where courts have taken the minority view and held that service by email is prohibited by the Hague Convention, such courts routinely deny motions to dismiss under Rule 12(b)(5) opting instead to quash the prior email service and set a deadline for the plaintiff to serve the defendant under the Hague Convention. *See e.g.*, *Sales v. Guangdong Chigo Heating & Ventilation Equip. Co.*, 494 F. Supp. 3d 404, 414-420 (N.D. Tex. 2020) (Report and Recommendation citing cases for the majority view that email service **is not** prohibited by the Hague Convention but siding with the minority view and ordering that plaintiff serve the defendant under the Hague Convention within 20 weeks) *adpt'd at id.*.

Finally, POZILAN does not dispute that the proposed (and actual) method of service comports with constitutional notions of due process. As noted above, this element means that the method of service is "reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane* 339 U.S. at 314. Obviously, the method of service sought and employed in this case was likely to apprise POZILAN of this action because it *did* apprise POZILAN of the action and POZILAN has had this opportunity to appear and present its objections. While notice of a suit alone does not excuse the need to conduct service, the fact that POZILAN timely learned of this action

demonstrates that the method of service that was conducted was successful and comports with the constitutional notions of due process. That is, this is not a case where a defendant was never served and appeared having learned of the action through other channels. Rather, POZILAN has appeared in this case specifically because it was successfully served.

      B.    <u>POZILAN Provides No Valid Grounds for Dissolving the Preliminary Injunction</u>

As noted above, each of POZILAN's arguments for attacking the Preliminary Injunction have been raised by Defendant Barqcue in its Motion to Dissolve the Preliminary Injunction. *Compare* Dkt. 53 (POZILAN's Motion) *with* Dkt. 47 (Barqcue's Memorandum). Likewise, some of these arguments appear to have been directly lifted from the unsuccessful Opposition filed by Defendant Auban. *See* Dkt. 35. In sum, POZILAN, like Barqcue and Auban, asserts the following:

- Plaintiff allegedly fails to show a likelihood of success under the "all elements" test[2];
- That "it seems" Plaintiff only alleged economic harms; and
- Plaintiff allegedly delayed in bringing this suit.

Each of the arguments raised by POZILAN are addressed in Plaintiff's Opposition to Barqcue's Motion being filed contemporaneously with this Opposition. Regarding the claim chart, Plaintiff submitted a representative claim chart showing one of the Accused Products as shown in the product listing for one of the Defendants. Plaintiff alleges, however, that each of the Defendants are selling the same infringing products with only minor variations (such as, for example, different fabric colors or patterns). Likewise, Plaintiff included representative screenshots of the Accused Products as listed by each of the Defendants to demonstrate that they are the same product. For POZILAN, the representative screenshots are shown on page 3 of Exhibit B to the Complaint. *See*

---

[2] To POZILAN's credit, it at least acknowledges that Plaintiff included a claim chart attached to its Complaint. Defendants Auban and Barcque falsely asserted that Plaintiff did not include a claim chart.

11

Sealed Exhibit at Dkt. 4-1. An excerpt from that screenshot is copied below next to the version shown in Plaintiff's representative Claim Chart:




Dkt. 4-1, p. 2                    Dkt. 4-2, p. 2

As shown above, the product sold by POZILAN is the same product sold by the other Defendants and addressed in the claim chart attached to the Complaint. The two versions are simply made with different fabric. The version shown in Plaintiff's claim chart uses a black and white striped fabric while the representative screenshot for POZILAN shows a version made with an off white or light pink fabric and pink heart shapes. Both versions of the product include each of the elements of at least Claim 1 of the '780 Patent. Specifically, both versions are:

> A shower cap for wearing on a user's head, said cap comprising:
>   a piece of fabric formed to have a generally hemispherical shape;
>   said piece of fabric having a peripheral edge, said piece of fabric bounding and defining a cavity adapted to receive a portion of the user's head therein; and
>   an elastic member, said elastic member being positioned adjacent only part of the peripheral edge of the piece of fabric;
>   and wherein a remaining section of the peripheral edge is free of the elastic member;
>   and when the shower cap is worn on the user's head the elastic member pulls substantially the entire elastic-free section of the peripheral edge into direct contact with the user's head and substantially prevents water from entering the cavity.

*See* '780 Patent at Claim 1.

POZILAN asserts that Plaintiff is unlikely to succeed because "every limitation of the asserted patent claims must be found in the allegedly infringing product, either literally or by equivalence" but fails to identify any element of any claim of the '780 Patent (and specifically Claim 1) that is allegedly missing from POZILAN's product. Again, Plaintiff provided representative images of the infringing products as sold by each Defendant, including POZILAN, alleged that they are each the same product with only minor variations, and included a representative claim chart showing how all of those products infringe at least Claim 1 of the '780 Patent. Undoubtedly, Plaintiff's arguments will get more refined as this case proceeds toward trial. At this stage, however, Plaintiff has more than shown a likelihood of success on the merits, particularly when compared to POZILAN's complete lack of argument regarding any potential defenses or defects in Plaintiff's position.

POZILAN's remaining two arguments (purported lack of irreparable harm and delay) are each addressed at length in Plaintiff's contemporaneously filed Opposition to Barqcue's Motion. Plaintiff's arguments in that Opposition are incorporated herein in their entirety. In short, both Defendants ignore controlling case law on the effect of licensing to irreparable harm. A patent owners reluctance to license a patent demonstrates that it values the non-monetary value of the exclusionary right and thus would not be made whole by an award of royalties. *See e.g.*, *Shure, Inc. v. ClearOne, Inc.* 17-C-3078, 2018 U.S. Dist. LEXIS 43247, at * 52 (N.D. Ill. March 16, 2018) ("As the Federal Circuit has often held, unwillingness to license weighs in favor of a finding of irreparable harm.") (citing *Douglas Dynamics, LLC v. Buyers Prods. Co.*, 717 F.3d 1336, 1345 (Fed. Cir. 2013) and *Presidio Components, Inc. v. Am. Tech. Ceramics. Corp.*, 702 F. 3d 1351, 1363 (Fed. Cir. 2012)). Likewise, Defendants each ignore the other non-monetary harms outlined by Plaintiff in its Motion for Preliminary Injunction, including price erosion, lost sales, lost market

13

share, reputational harm, loss of goodwill, and potential inability to collect monetary damages. *See* Dkt. 32 at p. 2, 5, and 7-11.

Finally, none of the Defendants have properly alleged a delay by Plaintiff. POZILAN alleges that Plaintiff delayed in bringing this suit and in seeking the Preliminary Injunction because POZILAN purportedly started selling the infringing products in July of 2020, approximately 2½ years before the Complaint was filed. The problem with POZILAN's argument, like that of Auban and Barqcue before it, is that there is simply no assertion that Plaintiff knew or even should have known about POZILAN's infringement at any point before the Complaint was filed. Without knowledge of the infringing acts, there can be no delay. Quite simply, neither POZILAN nor the other Defendants have identified a start date from which a delay can be calculated because they have not alleged when Plaintiff purportedly knew about their infringement and thus when it could have brought suit earlier. Likewise, POZILAN has not and cannot show delay in seeking injunctive relief. As outlined above, Plaintiff sought a TRO with its Complaint and moved for the Preliminary Injunction before the TRO expired. At every step in this case, Plaintiff has shown that it was seeking injunctive relief as promptly as possible.

### III. CONCLUSION

As shown above and in its Motion for Alternative Service, Court-ordered service view email is particularly appropriate in this case and is not prohibited by international agreement. Consequently, service on Defendant POZILAN was proper. Additionally, Plaintiff has a strong likelihood of success on the merits of this case and will suffer irreparable harm if the injunction is not maintained. Accordingly, Plaintiff respectfully requests that POZILAN's Motion be denied in its entirety, that service not be quashed, and that the preliminary injunction remain in effect until a final resolution of this case.

DATED: June 28, 2023	Respectfully Submitted,

/s/ Nicholas S. Lee
Edward L. Bishop
ebishop@bdl-iplaw.com
Nicholas S. Lee
nlee@bdl-iplaw.com
Benjamin A. Campbell
bcampbell@bdl-iplaw.com
BISHOP DIEHL & LEE, LTD.
1475 E. Woodfield Rd., Suite 800
Schaumburg, IL 60173
P: (847) 969-9123
F: (847) 969-9124

*Counsel for Plaintiff Tiara Bliss Inc.*

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system this June 28, 2023. Any other counsel of record will be served by electronic mail and/or first-class mail.

                                          /s/ Nicholas S. Lee
                                          Nicholas S. Lee