IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | |
|---|---|
| TIARA BLISS INC., ) | |
| ) | |
| Plaintiff, ) | Case No: 1:23−cv−1954 |
| ) | |
| v. ) | |
| ) | |
| ) | The Hon. Harry D. Leinenweber |
| THE INDIVIDUALS, CORPORATIONS, ) | |
| LLCS, PARTNERSHIPS AND ) | |
| UNINCORPORATED ASSOCIATIONS ) | |
| IDENTIFIED ON THE ATTACHED ) | |
| SCHEDULE A, ) | |
| ) | |
| Defendants. ) | |

**REPLY IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

**INTRODUCTION**

Opting for semantics over substance, the Plaintiff spills much ink on preliminary matters that avoid the heart of the issue. While it is true that Barqcue is seeking to dissolve rather than prevent a preliminary injunction, and Federal Circuit law governs the discussion, the Plaintiff does not articulate how these distinctions impact the underlying analysis of whether Plaintiff has demonstrated a likelihood of success or that they will suffer the necessary irreparable harm. Moreover, the Plaintiff chastises Barqcue for not objecting sooner, ignoring that an entity 7,000 miles away, encumbered with legal and language barriers along with frozen funds cannot retain foreign counsel at the drop of a hat. Precisely why motions to dissolve injunctive relief in such transnational disputes are routine. In the end, the Plaintiff's

response cannot cure the fact that Barqcue has presented sufficient facts showing that there was no irreparable harm to warrant the imposition of Rule 65's extraordinary relief.

## ARGUMENT

The Plaintiff contends Barqcue applies the wrong framework for resolving this Motion because the actual relief sought is a dissolution of the preliminary injunction. But in *Centurion Reinsurance Co. v. Singer*, the Seventh Circuit held that the standards for dissolving an injunction are the same as those for denying one. *Centurion Reinsurance Co. v. Singer*, 810 F.2d 140, 143 (7th Cir. 1987). Specifically, courts examine whether "the expected cost of dissolving the injunction—considering the probability that dissolution would be erroneous because the plaintiff really is entitled to injunctive relief, and the consequences of such an error—[is] greater or less than the expected cost of not dissolving the injunction." *Id.* "If greater, the injunction should not be dissolved; if less, it should be." *Id.* Thus, the substance of the framework set forth in the Opening Motion is accurate. And while Barqcue concedes the Plaintiff is correct that Barqcue wrongly asserted there was no claim chart attached to the Complaint, Barqcue's mistake aside, the chart is still problematic because it did not specify how Barqcue's products were infringing.

Next, contrary to Plaintiff's assertions, Barqcue has put forth sufficient facts and arguments that make the continuation of the injunction in the present case no longer warranted. *System Federation No. 91, Ry. Emp. Dept., AFL-CIO v. Wright,* 364 U.S. 642, 647 (1961) (holding that a district court has "wide discretion" to modify an injunction based on changed circumstances or new facts); *St. John's United Church of*

2

*Christ v. City of Chicago*, 502 F.3d 616, 627 (7th Cir. 2007) ("any injunction issued by a court of equity is itself subject to later modification," as "[c]ourts grant injunctive relief with the understanding that there will be an 'opportunity for modifying or vacating [the] injunction when its continuance is no longer warranted' ").

The Plaintiff fails to show, other than in a conclusive manner, that there is a reasonable probability that the allegedly infringing conduct will recur in the future. *See Illinois Tamale Co. v. El-Greg, Inc.*, 2019 WL 4395139 (N.D. Ill. Sept. 13, 2019) (finding no showing of irreparable harm in part because plaintiff "offered no basis to believe that [defendant] will resume its infringing activity if the adverse judgment in this case is upheld"). Without a showing that Barqcue's allegedly-infringing conduct will recur in the future, any damages that were caused by sale of the allegedly infringing product is in the past and "properly the subject of money damages." *Wilson Sporting Goods Co. v. Head Sports, Inc.*, 1999 WL 89776 at *7 (N.D. Ill. Feb. 9, 1999) ("Because [Defendant] has already stopped selling the rackets that are the subject of the proposed injunction, no danger of future harm exists, and any injury to Wilson from Head's past sales is properly the subject of money damages."). Here, the Plaintiff has not presented any evidence indicating that Barqcue is likely to sell the infringing product in the future, which further supports a finding of no irreparable harm. Accordingly, Barqcue has shown that there is no irreparable harm, and the continuance of the preliminary injunction is no longer warranted.

What is more, the Plaintiff's patent was issued in 2016. The Defendant began publicly selling its product on Amazon in December 2020. *See* Meizhen Decl. at ¶ 5.

This unexplained delay in seeking injunctive relief precludes a finding of irreparable harm. *See Johnson Pub. Co. v. Willitts Designs Int'l, Inc.*, 1998 WL 341618 (N.D. Ill. June 22, 1998).

Finally, the Plaintiff cannot overcome the lack of dispositive evidence regarding irreparable harm. *McDavid Knee Guard, Inc. v. Nike USA,* 683 F. Supp. 2d 740 (N.D. Ill. 2010), highlights the flaws of the Plaintiff's position. *McDavid* involved a patent infringement claim in which the patentee moved for a preliminary injunction. To establish irreparable harm, the movant presented testimony about loss of sales and the harm to its business, including the possibility of having to discharge employees due to lost sales. *See id.* at 748-49. This Court determined that the testimony was too speculative and therefore insufficient. *Id.* at 749 ("[Movant] has not presented this court with evidence of any actual loss of market share or overall sales, but instead offers conclusory affidavits based on speculation to prove these losses. . . . [S]uch speculation is insufficient to justify injunctive relief prior to a trial on the merits.") (citation omitted). If the movant in *McDavid* could not meet demonstrate irreparable harm, then Plaintiff's attempt at demonstrating irreparable harm should similarly be deemed insufficient. *See also Tee Turtle LLC v. Kellytoy Worldwide, Inc.,* Case No. 2:20-cv-11301-MCS-MAA, 2021 WL 1254665, at *16 (N.D. Cal. Feb. 26, 2021) ("conclusory statements, concerning loss of market share, loss of business opportunity, loss of goodwill, injury to reputation, and price erosion, are insufficient to show irreparable harm" where movant presented no evidence of actual losses).

At bottom, the Plaintiff has made no showing of likelihood of success on the

merits. While that failure alone makes preliminary injunctive relief unwarranted, the Plaintiff has also failed to show irreparable harm. The Plaintiff has not shown why issuing a preliminary injunction now would prevent any irreparable harm beyond the damage allegedly already done. That of course defeats the purpose of a preliminary injunction, which is aimed only at protecting against future harm. In other words, Plaintiff fails to clear the threshold phase, and the "drastic" remedy of a preliminary injunction should succumb.

## CONCLUSION

For the foregoing reasons, Barqcue respectfully requests the Court dissolve the preliminary injunction, order any third-party providers to release funds in Barqcue's accounts and lift any restraints on the accounts, award fees and costs to the Defendant, and for such other relief the Court deems just.

July 5, 2023　　　　　　　　　　Respectfully submitted,


　　　　　　　　　　　　　　　　s/ Christopher Keleher

　　　　　　　　　　　　　　　Christopher Keleher
　　　　　　　　　　　　　　　The Keleher Appellate Law Group, LLC
　　　　　　　　　　　　　　　1 East Erie Street
　　　　　　　　　　　　　　　Suite 525
　　　　　　　　　　　　　　　Chicago, IL 60611
　　　　　　　　　　　　　　　312-448-8491
　　　　　　　　　　　　　　　ckeleher@appellatelawgroup.com

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on July 5, 2023, a true and correct copy of the foregoing document was filed electronically with the Clerk of the Court and served on all counsel of record.

Respectfully submitted,

s/ Christopher Keleher

Christopher Keleher
The Keleher Appellate Law Group, LLC
1 East Erie Street
Suite 525
Chicago, IL 60611
312-448-8491
ckeleher@appellatelawgroup.com