IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TIARA BLISS INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:23-cv-01954 |
| | ) |
| | ) **Honorable Harry D. Leinenweber** |
| THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A," | ) ) ) ) ) ) |
| Defendants. | ) |

**POZILAN'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT POZILAN'S MOTION TO DISMISS, ALTERNATIVELY, TO DISSOLVE THE PRELIMINARY INJUNCTION ORDER**

Defendant POZILAN (Defendant No. 2) respectfully submits this reply memorandum of law in further support of its motion to dismiss Plaintiff Tiara Bliss Inc.'s Complaint pursuant to Fed. R. Civ. P. 12(b)(5), or alternatively, to modify the preliminary injunction order dated May 30, 2023 (the "PI Order").).

**I.     ARGUMENT**

**A.     The Complaint Against POZILAN Should Be Dismissed Under Rule 12(b)(5) Because the Service of Process Is Insufficient**

POZILAN's argument on this issue has been fully explained in its opening memo. For the sake of brevity, the same will not be repeated here.

**B.     The PI Order Should be Dissolved because Plaintiff is Unlikely to Succeed on The Merits**

Plaintiff argues in its Opposition (Dkt. No. 66) that it is likely to succeed on the patent infringement claim because each of the Defendants is selling "the same infringing products with

1

only minor variations (such as, for example, different fabric colors or patterns)" and all versions of the infringing products "include each of the elements of at least Claim 1 of the '780 Patent." Pl.'s Opposition 11-12.

It is not true. Determination of infringement involves a two-step process: first, a construction of the relevant claims, and second, a determination of whether the claims, as properly construed, read on the accused device or product. See *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 976 (Fed. Cir. 1995), aff'd, 517 U.S. 370, 134 L. Ed. 2d 577, 116 S. Ct. 1384 (1996). Literal infringement will be found where the patent holder demonstrates that each and every element or limitation of the relevant claim is literally met in the accused device. See *Novo Nordisk of North America, Inc. v. Genentech, Inc.*, 77 F.3d 1364, 1371 (Fed. Cir. 1996).

Here, in this case, Claim 1 of the '780 Patent reads as follows:

> A shower cap for wearing on a user's head, said cap comprising:
> a piece of fabric formed to have a generally hemispherical shape; said piece of fabric having a peripheral edge, said piece of fabric bounding and defining a cavity adapted to receive a portion of the user's head therein;
> and an elastic member, said elastic member being positioned adjacent only part of the peripheral edge of the piece of fabric;
> and wherein a remaining section of the peripheral edge is free of the elastic member;
> and when the shower cap is worn on the user's head the elastic member pulls substantially the entire elastic-free section of the peripheral edge into direct contact with the user's head and substantially prevents water from entering the cavity.

See '780 Patent at Claim 1 (Dkt. No. 1-2).

A crucial part of Claim 1 is the following elements: "an elastic member, said elastic member being positioned adjacent only part of the peripheral edge of the piece of fabric; and wherein a remaining section of the peripheral edge is free of the elastic member…" POZILAN's alleged infringing product has a different feature from the element quoted above. As the Court can see from the image below (Guo Decl. ¶ 21; or Dkt. 4-1, p. 2), POZILAN's product has a peripheral

edge consisting solely of the elastic material, rather than the "elastic member being positioned adjacent **only part of the peripheral edge** of the piece of fabric" in Claim 1. Emphasis added.



Because of this difference, POZILAN's product is also materially different from other defendants' products identified in Plaintiff's claim chart (Dkt. No. 65-1, Exhibit 1 to Pl.'s Opposition).

Therefore, Plaintiff fails to show a likelihood of literal infringement.

In case Plaintiff tries to claim an infringement under the doctrine of equivalents, it also will fail because the relevant position of the elastic member is a substantial element in Claim 1. Under a doctrine of equivalents, a device that does not literally infringe may nonetheless infringe if there is "equivalence" between the elements of the accused device and the claimed elements of the patented invention. See *Warner-Jenkinson Co., Inc. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 21, 137 L. Ed. 2d 146, 117 S. Ct. 1040 (1997). Elements are deemed "equivalent" if the patent holder demonstrates that the differences between the elements of the accused device and the elements of

the relevant claims are only insubstantial. See *Ethicon Endo-Surgery, Inc. v. United States Surgical Corp.*, 149 F.3d 1309, 1315 (Fed. Cir. 1998).

In this case, in Plaintiff's claim chart (Dkt. No. 65-1, Exhibit 1 to Pl.'s Opposition), Plaintiff used plenty of language to describe the elastic member in the infringing product and its relevant position on the peripheral edge. See Dkt. No. 65-1 at pp. 5-8. By comparison, POZILAN's product has an elastic member on the entire peripheral edge, which is different from other defendants' products and the elements in Claim 1. Plaintiff is not able to argue that this difference is only insubstantial.

Therefore, Plaintiff also fails to demonstrate a likelihood of infringement under the doctrine of equivalents.

C.     **There Is No Irreparable Harm to the Plaintiff**

Because Plaintiff has not made a strong showing on the issue of infringement, it is not entitled to a presumption of irreparable harm. See *Eli Lilly and Co. v. American Cyanamid Co.*, 82 F.3d 1568, 1578 (Fed. Cir. 1996). Neither does Plaintiff make a sufficient showing of irreparable harm apart from the presumption, as fully argued in POZILAN's opening memo. See Dkt. No. 53-1 p. 11.

D.     **Plaintiff's Argument that the Federal Circuit Has a Different Standard on Dissolution of Preliminary Injunction is Misplaced**

In its Opposition, Plaintiff argues that under the Federal Circuit precedent a different standard applies to the dissolution of Preliminary Injunction than applying for the original Preliminary Injunction, citing the case *Pods, Inc. v. Porta Stor, Inc.*, 177 Fed. Appx. 73, 75 (Fed. Civ. 2006). Plaintiff completely misread the *Pods* case.

**First**, in the *Pods* case, the defendant tried to dissolve the preliminary injunction using the new evidence. The Federal Circuit agreed with the lower court that the motion to dissolve the

preliminary injunction should be denied because "with due diligence [the defendant] could have presented that information prior to the issuance of the preliminary injunction." *Pods, Inc. v. Porta Stor, Inc.*, 177 F. App'x 73, 74 (Fed. Cir. 2006). In the current case, POZILAN does not present any new information or new evidence that could be presented in the earlier hearing for the Preliminary Injunction. Because of the deficient service of process and service of motion papers through emails, as a foreign party, POZILAN did not receive sufficient notice to defend itself timely in the previous proceedings.

**Second,** the Federal Circuit decision in the *Pods* case was primarily based on the fact that "[the plaintiff] had demonstrated a reasonable likelihood of success in showing that [the defendant's] device infringed claims [of the] patent." *Pods*, 177 F. App'x at 75. In contrast, here Plaintiff fails to show a likelihood of success on the infringement claim.

## II. CONCLUSION

For the foregoing reasons, Defendant POZILAN respectfully requests the Court dismiss this case against it in its entirety, or alternatively, to dissolve the Preliminary Injunction Order granted on May 30, 2023.

Dated: July 11, 2023

        Respectfully submitted,

        **KEVIN KERVENG TUNG, P.C.**
        *Attorneys for Defendant POZILAN*

        By: */s/ Kevin K. Tung*
           Kevin K. Tung
        Queens Crossing Business Center
        136-20 38th Avenue, Suite 3D
        Flushing, NY 11354
        Tel: (718) 939-8033
        Facsimile: (718) 939-4468
        ktung@kktlawfirm.com

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies on July 11, 2023 that a true and correct copy of the foregoing document was filed electronically with the Clerk of the Court and served upon all counsel on the record and other interested parties via the CM/ECF system:

By: */s/ Kevin K. Tung*
Kevin K. Tung